Mellon's Estate

*Russell M. Orcutt*, for estate.

*Joseph V. Agresti*, for Commonwealth.

WAITE, P. J., December 31, 1942.—This matter is now before the court on 12 exceptions filed by Russell M. Orcutt, acting as attorney for W. J. Quinn & Sons, undertakers, and claimant. Said attorney is also acting as attorney for James E. Marsh, the administrator of the estate. At the audit of the account, the claim of W. J. Quinn & Sons, undertakers, for funeral expenses, amounting to $1,350 was presented. This claim was held to be excessive by the court and an allowance of $350 made thereon for the purpose of paying for the funeral services rendered.

At the argument on the exceptions, attorney for claimant, although admitting that this bill was excessive, urged that inasmuch as no formal exceptions were filed to the claim the court had no authority to disallow any part of the claim.

With this position we cannot agree. The essential purpose of the audit of an administrator's account is to determine under all the facts and circumstances whether or not claims against a decedent's estate are just and proper, and, if allowed, in what amount. That purpose it is not only the right, but the duty, of the court to perform. It would be a travesty of justice indeed if grossly exorbitant charges, such as the ones here in question, could not be reduced to a fair amount,

or wholly disallowed if necessary, merely because no formal objections have been filed thereto. Within the scope of its jurisdiction the orphans' court has and should exercise the powers of a court of equity: Nimlet's Estate, 299 Pa. 359. When the orphans' court once obtains jurisdiction of a subject, it takes cognizance of and decides all matters necessary to a full and final determination of the whole matter: Crawford's Estate, 12 Wash. Co. 33. See also Dundas' Appeal, 64 Pa. 325.

Moreover, the reasons set forth in the exceptions and urged at the argument thereon by the attorney for the claimant are without foundation in fact, since the attorney for the Commonwealth, to whom the estate will escheat if no heirs are found, was present at the audit and did object to the allowance of his claim as excessive.

For the reasons herein stated, as well as those set forth in the former opinion, the exceptions are dismissed. The claim of W. J. Quinn & Sons, undertakers, for funeral expenses is allowed in the sum of $350. Other claims properly proven are allowed.

The former order of the court directing the balance remaining in the hands of the administrator to be paid to the Register of Wills of Erie County to await distribution to the heirs at law, if any be found, is modified, and the said administrator, after payment of the claims above allowed, is directed to pay all unawarded moneys in this estate in his possession to the State Treasurer to the credit of the Commonwealth, under the provisions of section 5 of the Act of April 21, 1921, P. L. 216, within 60 days from this date, there to await proof of decedent's heirs at law if any there be, and if not, for escheat to the Commonwealth under necessary and proper proceedings. The attorney for the Commonwealth in this proceeding is directed to notify the Russian Consul General to the United States of this decree, so that necessary steps may be taken to determine, if possible, whether or not decedent left

surviving any heirs at law either in Russia, the United States, or elsewhere. Said attorney for the Commonwealth is also directed to notify the State Treasurer and Attorney General of the Commonwealth of Pennsylvania by sending to each by registered mail within 10 days from this date certified copies of this order.

An order of distribution may be made in accordance herewith.